UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAIKEL FAVIER PALACIO,

        Petitioner,

v.                                Case No. 3:26-cv-159-MMH-PDB

WARDEN, BAKER CORRECTIONAL
INSTITUTION, et al.,

        Respondents.

_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This cause is before the Court on a Petition for Writ of Habeas Corpus (Doc. 1; Petition) filed by Leonila Palacios Ane as aunt and next friend of Maikel Favier Palacio, an immigration detainee. See Petition at 6, 8; Doc. 1-2 at 1.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). However, "'next friend' standing is by no means granted automatically . . . ." Id. at 163.

The would-be next friend must provide an adequate explanation for the necessity of the designation—such as the real party's mental incompetence or lack of access to the courts—and show that she is truly dedicated to the interests of the real party. Id.

Here, Ane does not demonstrate that "next friend" status is appropriate. There is no indication that Palacio is mentally incompetent or has been denied access to the courts. Ane's assertions that Palacio cannot file on his own behalf due to his detention and limited access to legal resources is conclusory and unsupported. Indeed, many pro se petitioners in immigration custody face the same conditions as Palacio and have litigated their cases on their own.

Because Ane does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Palacio's behalf. See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007)[1] ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978)[2] ("[W]hen the

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Palacio a blank petition for writ of habeas corpus form for use in § 2241 cases. If Palacio chooses to refile his claims, he may do so on the enclosed form. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of February, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 2/19
c:   Maikel Favier Palacio, A240842946

3